UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEIJING DACHENG LAW OFFICES, LLP (SHENZHEN), | Case No. _____ |
| *Petitioner*, | |
| v. | **PETITION TO CONFIRM FOREIGN ARBITRATION AWARD** |
| YAN LI, | |
| *Respondent*. | |

Petitioner, BEIJING DACHENG LAW OFFICES, LLP (SHENZHEN) ("Petitioner"), pursuant to the Federal Arbitration Act, 9 U.S.C., Section 207, for an Order confirming a foreign arbitral award issued in its favor against Respondent Yan LI ("Li" or "Respondent"), hereby states as follows:

**PARTIES**

1. Petitioner is a law practice institution organized and existing under the laws of the People's Republic of China, with address at F3, F4 & F12, Tower A, (Futian Science & Techno-

1

Logy Plaza), Shenzhen International Innovation Center, 1006 Shennan, Avenue, Futian District, Shenzhen City, Guangdong Province, People's Republic of China.

2. Respondent is an individual who used to domicile at Room 1104, Building C, Phase II of Dijingyuan Community, Maling, Nanshan District Shenzhen City, Guangdong Province, People's Republic of China (as listed in the "Agreement of Attorney"); No. 101, Building 1, Eastern Zone of Baodao New Villiage, Dahou City, Hainan Province (as listed in the Arbitration Award); and upon information and belief, currently domicile at 10441 SE 14th Street, Bellevue, WA 98004.

**JURISDICTION AND VENUE**

3. This Petition is brought pursuant to the original jurisdiction of this Court as expressed in 9 U.S.C. § 201, 202, 203, and 207, which codify, as Chapter 2 of the Federal Arbitration Act, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958 (the "New York Convention"). The United States and China are signatories to, and have ratified, the New York Convention.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Respondent Yan Li, upon information and belief, resides in this District and is subject to personal jurisdiction in this District.

**AGREEMENTS UNDERLYING THE ARBITRATION AWARD**

5. On January 5, 2021, Petitioner and Respondent signed an engagement agreement for legal representation called "Agreement of Attorney" by Petitioner of Respondent.

6. The purpose of the legal representation was to represent Respondent in Respondent's

2

attempt to seek a retrial for, and attempt to prevent enforcement of, a judgment for money damages already duly entered against Respondent by a Chinese court in favor of two plaintiff Chinese companies not party to this petition proceeding.

7. Article IX of the Agreement of Attorney provided Chinese law as the governing law. The Agreement of Attorney further provided that any disputes arising between the parties shall be resolved through amicable negotiation. If such dispute is not resolved upon thirty-day negotiation or if either party hereto rejects the negotiation, such disputes shall be submitted by either party to Shenzhen Court of International Arbitration ("SCIA") (also known as Shenzhen Arbitration Commission) for arbitration in Shenzhen in accordance with the court's arbitration rules in force at the time of the submission. The arbitration award shall be final and legally binding on both parties.

8. Pursuant to the Agreement of Attorney, the Petitioner represented the Respondent in the said proceeding.

9. Respondent's application for a retrial was denied. Respondent failed to satisfy the plaintiffs' money judgment, and so the plaintiffs applied to the Chinese court for enforcement of the judgment. The court ordered a levy on Respondent's real property; Petitioner then, upon authority from Respondent, worked out a settlement agreement with the plaintiffs. This agreement was confirmed by the Chinese court.

10. Petitioner then asked Respondent to pay Petitioner's attorney's fees pursuant to the Agreement of Attorney. Respondent refused, citing financial difficulty. Petitioner commenced arbitration against Respondent.

3

11. Petitioner commenced arbitration proceedings before the SCIA against Respondent by filing an Application for Arbitration on August 3, 2022, for the recovery of attorney's fees plus interest, expenses on application for arbitration and property preservation, and expenses on guarantee for property preservation, arising from the failure of Respondent to make payment to Petitioner for the legal services rendered.

## THE ARBITRATION AND ARBITRAL AWARD

12. On February 1, 2023, the SCIA delivered to the Respondent the Notice of Arbitration, together with the Arbitration Rules, the List of Arbitrators of the Shenzhen Court of International Arbitration, the Letter on Appointment of Arbitrators, and the Application for Arbitration filed by the Petitioner and exhibits attached thereto. All related documents were also delivered by the SCIA to the Petitioner.

13. The Notice of Arbitration from the SCIA expressly stated the respective right of the parties to appoint arbitrators, as well as the conditions governing the appointment.

14. Respondent ignored the notices.

15. Zhengqing LEI was appointed by the Petitioner as one of the arbitrators.

16. Considering that none of the arbitrators were appointed by or on behalf of the Respondent within the prescribed time limit, Jingwei BI was appointed by the SCIA as another one of the arbitrators according to Article 30 (1) of the Arbitration Rules. Considering that no chief arbitrator was appointed by or on behalf of the parties within the prescribed time limit, Bangyou GONG was appointed by the SCIA as the chief arbitrator according to Article 30 (2) of the Arbitration Rules. On August 10, 2023, an arbitral tribunal consisting of the aforesaid three

4

PETITION TO CONFIRM FOREIGN
ARBITRATION AWARD

Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019   646 416 6280

arbitrators was formed to hear the case.

17. The arbitration was conducted in Shenzhen through the SCIA on October 31, 2023, governed by the SCIA Arbitration Rules.

18. The Respondent did not attend the hearing after proper notice and without a justified reason.

19. According to Article 50 of the Arbitration Rules, the deadline by which an arbitral award was expected to be made had been extended to July 31, 2024.

20. All arbitration documents in connection with the case, including but not limited to the Notice of Arbitration, the Notice of Composition of the Arbitral Tribunal, and the Notice of Court Hearing from the SCIA, and the arbitration documents and supporting materials submitted by the parties and forwarded by the SCIA, were duly served pursuant to Article 6 of the Arbitration Rules.

21. The Respondent was provided with a full and fair opportunity to present a case and to submit evidence, and was duly notified of each and all procedural steps throughout the proceedings, but failed to participate in the proceedings without providing any explanation.

22. On July 22, 2024, the Arbitral Tribunal rendered a final award.

23. The final award awarded Petitioner the following, to be satisfied by Respondent within twenty (20) days of the date of the award:

(I) the Respondent shall pay the Petitioner a total amount of RMB 5,490,560.87, which is the rough equivalent of $765,181.64 under current exchange rates as of August 6, 2025, consisting of the attorney's fees of RMB 5,435,810.18, which is the rough equivalent of $757,551.42 under current exchange rates as of August 6, 2025, and the interests of RMB 54,750.69, which is the rough equivalent of $7,630.23 under current exchange rates as of

August 6, 2025, that were accrued for late payment as at the date of application for arbitration.

(II) the Respondent shall pay the Petitioner the interests that were accrued, from August 4, 2022 (the day immediately following the date of application for arbitration) to the date when the arbitral award was made, on the attorney's fees of RMB 5,435,810.18, which is the rough equivalent of $757,551.42 under current exchange rates as of August 6, 2025, and at the loan prime rate (LPR) for one-year loans over the same period as published with the authorization of the People's Bank of China. The Respondent, if delaying in satisfying the arbitral award in force, shall pay the interests on the debts owed by it during the delayed satisfaction according to Article 260 of the *Civil Procedure Law of the People's Republic of China*.

(III) the Respondent shall pay the Petitioner property preservation-related fee of RMB 5,000, which is the rough equivalent of $696.82 under current exchange rates as of August 6, 2025, and fee of guarantee for property preservation of RMB 3,309.06, which is the rough equivalent of $461.16 under current exchange rates as of August 6, 2025, that were incurred.

(IV) the Respondent shall solely bear the arbitration fee of RMB 75,578, which is the rough equivalent of $10,532.79 under current exchange rates as of August 6, 2025. The Petitioner has prepaid RMB 75,578 and therefore, the Petitioner shall be directly reimbursed for RMB 75,578, which is the rough equivalent of $10,532.79 under current exchange rates as of August 6, 2025, by the Respondent.

24. To date, Respondent has failed and / or refused to honor or satisfy the final award.

## CONFIRMATION OF THE AWARD

25. Pursuant to 9 U.S.C. § 207, any party seeking to confirm a foreign arbitral award in accordance with the New York Convention may do so provided that the award: (a) falls under the New York Convention; (b) was issued less than three (3) years ago; and (c) does not fall under any exception in the New York Convention for which confirmation may be refused.

26. The Chinese arbitration award was issued within the last three years, on July 22, 2024.

27. The final award in all respects conforms to the requirements of 9 U.S.C. §§ 9 and 207 governing confirmation of arbitration awards.

28. No prior application for confirmation of the final award has previously been made in this or any other Court.

29. No grounds exist to support vacatur, modification, or correction of the final award under 9 U.S.C. § 10 or § 11, and no such application has been made.

30. No grounds exist to support refusal or deferral of recognition or enforcement of the award specified in the New York Convention pursuant to 9 U.S.C. § 207, and no such application has been made.

WHEREFORE, Petitioner, Beijing Dacheng Law Offices, LLP (Shenzhen), respectfully requests judgment confirming and enforcing the arbitration award, fees and costs incurred in the prosecution of this application and this petition, post-judgment interest pursuant to 28 U.S.C.§1961, and that the Court grant the Petitioner such other and further relief as may be just and equitable in the circumstances.

Dated: August 8, 2025

MAZZOLA LINDSTROM, LLP

*[signature: Shan Chen]*

_____
Shan (Jessica) Chen
*Counsel for Petitioner* (pending admission pro hac vice)
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(d) 646-416-6280
(m) 347-652-9046
jessica@mazzolalindstrom.com

SHANZE PARTNERS PLLC

 /s/ *Zhizhou Wang*
Zhizhou Wang, WSBA # 53166
*Counsel for Petitioner (local counsel)*
701 5th Ave, Suite 4200,
Seattle, WA 98104
206.262.7488
leowang@shanzepartners.com

8