**Exhibit 1**

# 公 证 书

中华人民共和国广东省深圳市先行公证处

# 公　证　书

（2025）深先证字第 10885 号

申请人：北京大成（深圳）律师事务所

统一社会信用代码：314400006766903205

住所：广东省深圳市福田区深南大道 1006 号深圳国际创新中心（福田科技广场）A 栋 3、4、12 层

负责人：张健，男，1982 年 3 月 16 日出生，公民身份号码：342623198203166814。

委托代理人：李鸥，女，1998 年 1 月 15 日出生，公民身份号码：52242419980115282X。

公证事项：保全行为

申请人北京大成（深圳）律师事务所因保全证据需要，于 2025 年 4 月 17 日向我处申请保全证据公证。

根据《中华人民共和国公证法》的规定和申请人北京大成（深圳）律师事务所的申请，于 2025 年 4 月 17 日，申请人北京大成（深圳）律师事务所的委托代理人李鸥来到我处，在本公证员和公证人员林灏彬的监督下，申请人北京大成（深圳）律师事务所的委托代理人李鸥在我处复印区使用我处的复印设备将其带至我处的《委托代理协议》（共 7 页）进行了复印，复印所得文件见附件。

兹证明申请人北京大成（深圳）律师事务所的委托代理人李鸥的复印行为及过程系在本公证员及公证人员林灏彬的监督下进行；与本公证书相粘连的《委托代理协议》的复印件为申请人北京大成（深圳）律师事务所的委托代理人李鸥在我处复印所得。本公证书所附复印件内容与申请人北京大成（深圳）律师事务所的委托代理人李鸥带至我处的《委托代理协议》原

件相符。《委托代理协议》的复印件所附的英文译本与中文原本内容相符。

本公证书须合法使用，在使用过程中不得违反法律、法规，不得违背公序良俗，不得侵犯其他民事主体的人身权利、财产权利以及其他合法权益。

附：1、《委托代理协议》复印件 1 份共 7 页
    2、《委托代理协议》复印件的英文译本 1 份共 8 页

中华人民共和国广东省深圳市先行公证处

公证员 陈伟双



2025 年 4 月 21 日

# NOTARIAL CERTIFICATE

(Translation)

(2025) SXZZi No.10885

Applicant: Beijing Dacheng Law Offices, LLP (Shenzhen)

Unified Social Credit Code: 314400006766903205

Domicile: 3/F, 4/F, 12/F, Block A, (Futian Science & Technology Plaza) Shenzhen International Innovation Center, No. 1006, Shennan Boulevard, Futian District, Shenzhen City, Guangdong Province

Person in Charge: Zhang Jian, male, born on March 16, 1982, Citizen Identification Number: 342623198203166814.

Attorney: Li Ou, female, born on January 15, 1998, Citizen Identification Number: 52242419980115282X.

Issue under notarization: evidence preservation

Due to the need for evidence preservation, the applicant, Beijing Dacheng Law Offices, LLP (Shenzhen), submitted an application for notarial evidence preservation to our office on April 17, 2025.

Pursuant to the *Notarization Law of the People's Republic of China* and the application submitted by the applicant, Beijing Dacheng Law Offices, LLP (Shenzhen), on April 17, 2025, the attorney of the applicant, Beijing Dacheng Law Offices, LLP (Shenzhen), Li Ou, came to our office. Under the supervision of this notary public and notarial officer Lin Haobin, the attorney of the applicant, Beijing Dacheng Law Offices, LLP (Shenzhen), Li Ou, used the copying equipment in the copy area of our office to copy the *Agreement of Attorney* (7 pages in total) brought to our office. The copied document is attached hereto.

This is to certify that the copying actions and procedures carried out by Li Ou, the attorney of the applicant, Beijing Dacheng Law Offices, LLP (Shenzhen), were conducted under the

supervision of this notary public and notarial officer Lin Haobin. The copy of the *Agreement of Attorney*, which is appended to this notarial certificate, was made by Li Ou, the attorney of the applicant, Beijing Dacheng Law Offices, LLP (Shenzhen), at our office. The contents of the attached copy are consistent with the original of the *Agreement of Attorney* brought to our office by Li Ou, the attorney of the applicant, Beijing Dacheng Law Offices, LLP (Shenzhen). The English translation attached to the copy of the *Agreement of Attorney* is consistent with the contents of the original Chinese version.

This notarial certificate must be used lawfully. During its use, it shall not violate any laws or regulations, contravene public order or good morals, or infringe upon the personal rights, property rights, or other legitimate rights and interests of other civil subjects.

Attachment: 1. One copy of the *Agreement of Attorney*, 7 pages in total

2. One English translation of the copy of the *Agreement of Attorney*, 8 pages in total

Shenzhen Xianxing Notary Public Office
Guangdong Province
The People's Republic of China
Notary Public Chen Weishuang
April 21, 2025

# 公　证　书

（2025）深先证字第 10886 号

申请人：北京大成（深圳）律师事务所

统一社会信用代码：314400006766903205

住所：广东省深圳市福田区深南大道 1006 号深圳国际创新中心（福田科技广场）A 栋 3、4、12 层

负责人：张健，男，1982 年 3 月 16 日出生，公民身份号码：342623198203166814。

委托代理人：李鸥，女，1998 年 1 月 15 日出生，公民身份号码：52242419980115282X。

公证事项：译本与原本相符

兹证明前面的（2025）深先证字第 10885 号公证书的英文译本内容与中文原本内容相符。

中华人民共和国广东省深圳市先行公证处

公证员　陈伟双



2025 年 4 月 21 日

# NOTARIAL CERTIFICATE

(Translation)

(2025) SXZZi No.10886

Applicant: Beijing Dacheng Law Offices, LLP (Shenzhen)

Unified Social Credit Code: 314400006766903205

Domicile: 3/F, 4/F, 12/F, Block A, (Futian Science & Technology Plaza) Shenzhen International Innovation Center, No. 1006, Shennan Boulevard, Futian District, Shenzhen City, Guangdong Province

Person in Charge: Zhang Jian, male, born on March 16, 1982, Citizen Identification Number: 342623198203166814.

Attorney: Li Ou, female, born on January 15, 1998, Citizen Identification Number: 52242419980115282X.

Issue under notarization: consistency between translation and original text

This is to certify that the content of the English translation of Notarial Certificate (2025) SXZZi No.10885 is consistent with the content of the original Chinese version.

Shenzhen Xianxing Notary Public Office
Guangdong Province
The People's Republic of China
Notary Public Chen Weishuang
April 21, 2025

# 委托代理协议

客户编号 [                    ]

案件编号 [03-11202100005]

**甲方：**　　　李　严　　　

　　身份证号码：　　　　46900319760113152X　　　

　　地址：　广东省深圳市南山区麻省岭帝景园小区二期 C 栋 1104　

　　联系电话：　　　　　　　　传真：　　　　　　　　　

　　电子信箱：　　　　　　　　　　　　　　　　　　　

**乙方：北京大成（深圳）律师事务所**

　　住所：广东省深圳市福田区深南大道 1006 号深圳国际创新中心 A

　　　　栋 3 层、4 层

　　邮政编码：518026

　　电话：+86755 26224888/4999

　　传真：+86755 26224000/4100

　　主办律师：　邬文辉律师　

　　联系电话：13501589449　

　　电子信箱：　wuwh1967@sina.com　



　　关于　深圳市华佗在线网络有限公司、深圳市美谷佳科技有限公司诉李严、广东省第二人民医院　损害公司利益责任纠纷　一案，甲方聘请乙方的律师作为　　李严　　的委托代理人。

　　甲乙双方按照诚实信用原则，经协商一致，立此协议，共同遵守。

**第一条　委托代理事项**

　　乙方接受甲方委托，委派律师在下列案件中担任李严的委托代理



人，最终以甲方签发的授权委托书为准：

1、对方当事人名称或者姓名：<u>深圳市华佗在线网络有限公司、深圳市美谷佳科技有限公司</u>

2、案由：<u>损害公司利益责任纠纷</u>

3、委托事项/范围：<u>案件再审阶段、强制执行阶段</u>

4、审理机关：<u>最高人民法院、深圳市中级人民法院</u>

**第二条　委托代理权限**

甲方授权乙方的代理权限详见甲方另行签发的授权委托书。

**第三条　乙方义务**

1、乙方委派<u>邬文辉</u>律师作为上述案件<u>申请再审阶段及对方当事人基于现有判决申请强制执行阶段</u>中甲方的委托代理人，甲方同意上述律师指派其他业务助理配合完成辅助工作，但乙方更换代理律师应取得甲方认可；

2、乙方律师应当勤勉、尽责地完成本协议第一条所列委托代理事项；

3、乙方律师应当根据审理机关的要求，及时提交证据，按时出庭；

4、在涉及甲方的对抗性案件中，未经甲方同意，乙方律师不得同时担任与甲方具有法律上利益冲突的另一方的委托代理人；

5、乙方律师对其获知的甲方的商业机密或者甲方个人隐私负有保密责任，非由法律规定或者甲方同意，不得向任何第三方披露；

6、乙方对本代理业务应当单独建档，应当保存必要的工作记录。

7、乙方律师工作时原则上不收取和保管甲方的原始证据、原始法律文件或财物。特殊情况下如收取，应出具收据并妥善保管相关材料或物品。

**第四条　甲方义务**



1、甲方应当真实、详尽和及时地向乙方律师叙述案情，提供与委托代理事项有关的证据、文件及其它事实材料；

2、甲方应当积极、主动地配合乙方律师的工作，甲方对乙方律师提出的要求应当明确、合理、合法；

3、甲方应当按时、足额向乙方支付律师代理费和工作费用；

4、甲方指定__毛成林__作为联系人，负责向乙方转达甲方的指示和要求，提供文件和资料等，甲方更换联系人应当通知乙方主办律师；

5、甲方有责任对委托代理事项作出独立的判断、决策，甲方根据乙方律师提供的法律意见、建议、方案所作出的决定而导致的损失，非因乙方律师错误运用法律等失职行为造成的，由甲方自行承担。

**第五条　律师代理费**

1、经双方协商同意，本案律师费由前期律师费和风险律师费两部分组成：

（1）前期律师费共计¥零万元（大写：人民币零圆整），于本协议签订之日起五日内一次性支付，该部分律师费不因案件后续结果而发生变化。

（2）风险律师费：若最高人民法院再审裁判文书最终撤销广东省高级人民法院（2019）粤民终 1027 号民事判决，或改判驳回对方当事人的全部或部分诉讼请求，则甲方应于再审裁判文书生效之日起五日内，按照再审判决在现有的二审判决结果的基础上减少损失部分的 30%向乙方支付风险律师费；

在再审阶段或对方当事人申请强制执行过程中，如因与对方当事人谈判并达成和解、调解，甲方仍应按照上述风险比例支付律师费，即按照和解、调解协议在现有的二审判决结果的基础上减少损失部分的 30%向乙方支付风险律师费。



2、双方约定的代理费支付方式为：按照前述约定支付至乙方指定的收款账户。

3、乙方指定的收款账户：

开户名：【北京大成（深圳）律师事务所】

账　　号：【755931970410808】

开户行：【招商银行深圳国创支行】

4、乙方收到甲方支付的律师代理费之日起十日内开具增值税发票,甲方应按照税务机关开票要求提供税务登记证、纳税人识别号（不得简写）、法定地址、日常联系电话、开户银行全称及其账号。

5、开具发票细则

甲方为□【小规模纳税人】;□【一般纳税人】(需勾选对应选项),

乙方为一般纳税人,甲方要求乙方开具:

□【增值税普通发票】;□【增值税专用发票】(需勾选对应选项)。

双方账户及税务信息条款如下,甲方如需改变账户信息,应在开票前以书面形式通知乙方:

| 甲方名称： | 乙方名称：<br>北京大成（深圳）律师事务所 |
| --- | --- |
| 纳税人识别号： | 统一社会信用代码：<br>314400006766903205 |
| 户名： | 户名：北京大成（深圳）律师事务所 |
| 开户行： | 开户行：招商银行深圳国创支行 |
| 账号： | 账号：755931970410808 |
| 地址： | 地址：广东省深圳市福田区深南大道 1006 号深圳国际创新中心（福田科技广场）A 栋 3 层、4 层 |

3



| 联系电话： | 联系电话：0755-83643515 |
|---|---|

**第六条　工作费用**

1、乙方律师办理甲方委托代理事项所发生的下列工作费用，应当由甲方承担：

（1）诉讼费、鉴定费、公证费、保全费、财产保全担保费等相关部门收取的规费；（2）乙方律师为办理本案而在深圳市之外发生的交通、食宿等差旅费用。

2、上述工作费用由甲方直接支付，或甲方向乙方律师预支、乙方律师代为支付，或征得乙方律师同意后由乙方律师垫付费用、甲方根据乙方律师提供的票据实报实销。

**第七条　协议变更和解除**

1、甲乙双方经协商一致，可以变更或者解除本协议。

2、乙方有下列情形之一的，甲方有权单方解除本协议：

（1）未经甲方同意，擅自更换代理律师的；

（2）无正当理由，未按审理机关通知参加庭审的；

（3）在涉及甲方的对抗性案件中，未经甲方同意，同时担任与甲方具有法律上利益冲突的另一方的委托代理人。

2、甲方有下列情形之一的，乙方有权单方解除本协议：

（1）甲方的委托事项违反法律、行政法规规定，或者违反律师执业规范和执业纪律的；

（2）甲方有捏造事实、伪造证据或者隐瞒重要情节等情形的；

（3）甲方逾期十日仍不向乙方支付律师代理费或者工作费用的。

**第八条　违约责任**

1、乙方有下列情形之一的，甲方有权要求退还部分或者全部已付的律师代理费：

（1）未经甲方同意，擅自更换代理律师的；

4



（2）无正当理由，未按审理机关合法通知参加庭审的；

（3）在涉及甲方的对抗性案件中，未经甲方同意，同时担任与甲方具有法律上利益冲突的另一方的委托代理人的。

乙方律师因工作重大失职、失误导致甲方蒙受损失，乙方应当通过所投保的执业保险并以此保险限额向甲方承担赔偿责任。

2、甲方不得以如下非正当理由要求乙方退还律师代理费：

（1）本协议签订后，甲方单方面又委托其他律师事务所律师代理的；

（2）本协议签订后，甲方以乙方收费过高为由要求退还律师代理费的；

（3）乙方律师已经为出庭作好准备，当事人一方撤诉的，或双方和解、调解的；

（4）其他非因乙方或者乙方律师的重大过错原因，甲方无故终止委托的。

3、甲方无正当理由不支付律师代理费或者工作费用，或者无故终止委托，乙方有权要求甲方支付未付的律师代理费、支付未报销的工作费用以及延期支付的利息。

4、本协议律师代理费支付方式为风险代理的，在甲方授权乙方律师出庭后非因乙方或乙方律师重大过错原因，甲方终止委托的，视为乙方已经完成委托事项，甲方应根据本协议约定支付全部律师代理费。

**第九条　争议解决**

1、本协议适用中华人民共和国法律。

2、甲乙双方如果发生争议，应当友好协商解决。经协商三十日不能解决的或一方不愿协商的，任何一方均应将争议提交深圳国际仲裁院（深圳仲裁委员会），按照提交仲裁时该会现行有效的仲裁规则



在深圳市进行仲裁。仲裁裁决是终局的,对甲乙双方均有法律约束力。

第十条　通知和送达

1、甲乙双方因履行本协议而相互发出或者提供的所有通知、文件、资料,均可以通过本协议列明的甲方或联系人进行,均可以通过本协议载明的地址、传真、电子邮箱、电话送达。

2、通过传真方式的,在发出传真时视为送达;以邮寄方式的,挂号寄出或者投邮当日视为送达;以电子邮件方式发送的,自发出时起24小时内时视为送达。

3、甲乙双方任何一方变更名称(姓名)、地址、联系人、电话传真、电子信箱,应当书面通知对方;变更信息方未书面通知对方的或对方在收到书面通知前,对方按原信息送达的,视为对方已完成送达,因此造成信息变更方的不便和损失由信息变更方承担。

第十一条　协议生效及其他

1、本协议一式四份,双方各执两份,每份具有同等法律效力。

2、本协议自甲方签字,乙方加盖公章(或合同章)及代表签字之日起生效,至乙方完成甲方所委托的该代理事项为止。

(以下无正文)


甲方:李　严　　　　　　　　　　乙方:北京大成(深圳)

　(签字)　　　　　　　　　　　　　律师事务所

　　　　　　　　　　　　　　　　　　(盖章)


代表(签字):


签署时间:2024年 1 月 5 日

签订地点:深圳市福田区

## Agreement of Attorney

Client No.: [        ]

Case No.: [03-112021000005]

**Party A: <u>LI Yan</u>**

ID Card No.: <u>46900319760113152X</u>

Address: <u>Room 1104, Building C, Phase II of Dijingyuan Community, Maling, Nanshan District,</u>
<u>Shenzhen City, Guangdong Province</u>

Tel.: _____ Fax:

E-mail:


**Party B: Beijing Dacheng Law Offices, LLP (Shenzhen)**

Domicile: 3F & 4F, Tower A, Shenzhen International Innovation Center, 1006 Shennan Avenue,
Futian District, Shenzhen City, Guangdong Province

Zip Code: 518026

Tel.: +86755 26224888/4999

Fax: +86755 26224000/4100

Lawyer in Charge: <u>WU Wenhui, Esq.</u>

Tel.: <u>13501589449</u>

E-mail: <u>wuwh1967@sina.com</u>


Party A intends to authorize the lawyers from Party B to represent <u>LI Yan</u> in the case in which
<u>Shenzhen Huatuo Online Network Co., Ltd. and Shenzhen Meigujia Technology Co., Ltd. sued</u>
<u>LI Yan and Guangdong Second Provincial General Hospital for damaging their interests.</u>

Party A and Party B, intending to be legally bound hereby, enter into this Agreement of Attorney
(this "Agreement") upon negotiation and based on the principle of good faith.

**Article I Proposed Assignment**

Party B shall, with the authorization of Party A and subject to the Letter of Authorization issued by Party A, appoint its lawyers (the "appointed lawyers") to represent LI Yan in the case below:

1. Name of the opposite parties: <u>Shenzhen Huatuo Online Network Co., Ltd.; Shenzhen Meigujia Technology Co., Ltd.</u>
2. Cause of action: <u>Dispute over liability for damages to the involved companies</u>
3. Scope of the proposed assignment: <u>Retrial and enforcement proceedings</u>
4. Hearing organs: <u>The Supreme People's Court; Shenzhen Intermediate People's Court</u>

**Article II Scope of Authority**

The scope of authority of Party B, as authorized by Party A, is detailed in the Letter of Authorization from Party A.

**Article III Obligations of Party B**

1. Party B shall appoint <u>WU Wenhui</u>, a lawyer from Party B, to represent Party A <u>in the retrial proceedings of the aforesaid case and in the enforcement proceedings of the existing judgments in question as applied for by the opposite parties to the aforesaid case.</u> Party A agrees that the lawyer named in the preceding sentence may appoint one or more assistants to assist him or her in the proposed assignment hereunder, and that Party B may not replace the appointed lawyers without the prior permission of Party A;
2. The appointed lawyers shall perform the proposed assignment described in Article I above with due diligence and care;
3. The appointed lawyers shall, at the request of the hearing organs, submit evidence and appear in court without delay;
4. In any adversarial case to which Party A is a party, the appointed lawyers shall not represent the other party to the case which has any conflict of interest in law with Party A without the prior consent of Party A;
5. The appointed lawyers shall keep confidence any trade secret or personal or private information of Party A that is known to them, and shall not disclose to any third party such secret or information except as required by law or permitted by Party A;
6. Party B shall create a new folder for and maintain necessary work records of the proposed assignment hereunder; and
7. As a general rule, the appointed lawyers shall not collect and keep any evidence and legal document in the original form or any personal belongings of Party A. If any such evidence, document or belongings are collected by the appointed lawyers under unexceptional circumstances, they shall issue a written confirmation for receipt of the same and keep the same safe.

2

LI Yan (Signature)

Beijing Dacheng Law Offices, LLP (Shenzhen) (Seal)

**Article IV Obligations of Party A**

1. Party A shall timely provide the appointed lawyers with a case description and the evidence, documents and other factual materials in relation to the proposed assignment hereunder, all of which must be truthful and detailed enough;
2. Party A shall give active and constructive cooperation to the appointed lawyers in the proposed assignment hereunder, and ensure that all the requests made by it to the appointed lawyers are clear, reasonable and legal;
3. Party A shall pay Party B the agreed attorney's fees and other related fees in time and in full;
4. Party A shall appoint <u>MAO Chenglin</u> as its contact person to communicate its instructions and requests to Party B and to provide documents and materials as needed, and shall advise Party B's lawyer in charge of any replacement of its contact person;
5. Party A shall make independent judgments and decisions regarding the proposed assignment hereunder, and shall solely bear any and all losses arising from Party A's decision-making relying on the legal opinions, suggestions and plans given by the appointed lawyers, provided that such losses are not attributable to the appointed lawyers' misconducts such as misapplication of law.

**Article V Attorney's Fees**

1. The attorney's fees payable for the present case, as mutually agreed by Party A and Party B through consultation, consist of fixed fee and contingency fee. To be specific:
(1) Fixed fee, amounting to RMB<u>0</u> (in words: RMB <u>zero</u> only), shall be paid in one lump sum within five (5) days of the date of this Agreement and be immune from the outcome of the present case.
(2) Contingency fee: If the Judgment of Retrial made by the Supreme People's Court overturns the Civil Judgment made by The High People's Court of Guangdong Province and numbered (2019) Y. M. Z. No. 1027, or rejects all or part of the claims of the opposite party to the case in question, then Party A shall, within five (5) days of the effective date of the Judgment of Retrial, pay Party B a contingency fee equivalent to 30% of the difference between the losses recognized in the existing Second-instance Judgment and that recognized in the Judgment of Retrial (the former is greater than the latter);

If any settlement or mediation agreement is reached with the opposite party to the case in question through negotiation during the retrial of the case in question or during the opposite party's application for enforcement, then Party A shall pay Party B a contingency fee equivalent to 30% of the difference between the losses recognized in the Second-instance Judgment and that recognized in the settlement or mediation agreement (the former is greater than the latter).

3

LI Yan (Signature)

Beijing Dacheng Law Offices, LLP (Shenzhen) (Seal)

2. Agreed method of payment: The foregoing attorney's fees shall be paid into the designated beneficiary account of Party B as agreed above.

3. Designated beneficiary account of Party B:

   Account Name: [Beijing Dacheng Law Offices, LLP (Shenzhen)]

   A/C No.: [755931970410808]

   Bank of Deposit: [Shenzhen Guochuang Sub-branch of China Merchants Bank]

4. Party B shall issue a value-added tax invoice within ten (10) days upon its receipt of the attorney's fees from Party A. Party A shall, according to the invoicing requirements of the competent tax authority, provide tax registration certificate, taxpayer identification number (not abbreviated), legal address, reachable phone number, full name of Bank of Deposit, and bank account number.

5. Invoicing

   Party A is a ☐ [Small-scale Taxpayer] ☐ [General Taxpayer] (tick the appropriate option), and Party B is a general taxpayer. Party A requests Party B to issue:

   ☐ [Value-added Tax General Invoice] ☐ [Value-added Tax Special Invoice] (tick the appropriate option)

Bank account and taxation information of Party A and Party B are described in the table below. In the event of any change in its bank account information, Party A shall give Party B a written notice of the change prior to invoicing.

| Full Name of Party A: | Full Name of Party B:<br>Beijing Dacheng Law Offices, LLP (Shenzhen) |
|---|---|
| Taxpayer Identification No.: | Unified Social Credit Code:<br>314400006766903205 |
| Account Name: | Account Name:<br>Beijing Dacheng Law Offices, LLP (Shenzhen) |
| Bank of Deposit: | Bank of Deposit:<br>Shenzhen Guochuang Sub-branch of China Merchants Bank |
| A/C No.: | A/C No.:<br>755931970410808 |
| Address: | Address:<br>3F & 4F, Tower A, (Futian Science & |

LI Yan (Signature)
Beijing Dacheng Law Offices, LLP (Shenzhen) (Seal)

| | Technology Plaza) Shenzhen International Innovation Center, 1006 Shennan Avenue, Futian District, Shenzhen City, Guangdong Province |
|---|---|
| Tel.: | Tel.: 0755-83643515 |

## Article VI Other Related Fees

1. The following other related fees incurred by the appointed lawyers in performing the proposed assignment hereunder shall be solely borne by Party A:

   (1) Legal cost, appraisal fee, notarization fee, property preservation fee, expense on guarantee for property preservation, and other fees charged by relevant departments; and (2) transportation expense, meal & hotel expense, and other travel expenses incurred by the appointed lawyers outside Shenzhen in performing the proposed assignment hereunder.

2. Said other related fees shall be directly paid by Party A, or advanced by Party A to the appointed lawyers and then paid by the appointed lawyers on behalf of Party A, or with the prior consent of the appointed lawyers, paid by the appointed lawyers and then reimbursed to the appointed lawyers based on the payment proofs provided by them.

## Article VII Modification and Termination

1. This Agreement may be modified or terminated by mutual agreement of Party A and Party B through consultation.
2. Party A shall have the right to unilaterally terminate this Agreement if Party B:
(1) replaces the appointed lawyers without the prior consent of Party A;
(2) is absent from the court hearing as advised by the hearing organ without a justified reason; or
(3) in any adversarial case to which Party A is a party, represents the other party to the case which has any conflict of interest in law with Party A without the prior consent of Party A.
3. Party B shall have the right to unilaterally terminate this Agreement if:
(1) the proposed assignment of Party A hereunder goes against the laws and administrative regulations or lawyers' professional codes and disciplines;
(2) Party A is found of any fact fabrication, evidence falsification, or concealment of material facts; or
(3) Party A delays in paying the appointed lawyers the agreed attorney's fees or other related fees for ten (10) days.

## Article VIII Liability for Breach

5

LI Yan (Signature)

Beijing Dacheng Law Offices, LLP (Shenzhen) (Seal)

1. Party A shall have the right to request Party B to return all or part of the paid attorney's fees, if Party B:

(1) replaces the appointed lawyers without the prior consent of Party A;

(2) is absent from the court hearing as duly advised by the hearing organ without a justified reason; or

(3) in any adversarial case to which Party A is a party, represents the other party to the case which has any conflict of interest in law with Party A without the prior consent of Party A.

Party B shall, through the lawyers' professional liability insurance maintained by Party B and subject to the limit of indemnity stated in the policy, indemnify Party A against any losses that Party A may sustain due to any gross negligence or misconduct of the appointed lawyers in performing the proposed assignment hereunder.

2. Party A shall not request Party B to return the paid attorney's fees for the following unjustifiable reasons:

(1) Upon the execution of this Agreement, Party A unilaterally authorizes any other law firm to represent it in the present case;

(2) Upon the execution of this Agreement, Party A requests Party B to return the paid attorney's fees on the ground of Party B's overcharge;

(3) The appointed lawyers are well prepared for the court hearing, but the opposite party to the present case chooses to withdraw its complaint or the parties to the present case reach a settlement or mediation; or

(4) Party A cancels the proposed assignment hereunder without cause and through no grave fault of Party B or the appointed lawyers.

3. In the event that Party A fails to pay the agreed attorney's fees or other related fees without justified reasons, or cancels the proposed assignment hereunder without cause, Party B shall have the right to request Party A to pay the attorney's fees unpaid, other related fees unreimbursed, and interests on delayed payments.

4. If the attorney's fees agreed herein shall be paid on a contingency-fee basis, and if after the appointed lawyers are authorized by Party A to attend the court hearing, Party A cancels the proposed assignment hereunder through no grave fault of Party B or the appointed lawyers, then Party B shall be considered as having duly performed the proposed assignment hereunder and Party A shall pay the attorney's fees in full as agreed herein.

**Article IX Dispute Resolution**

1. This Agreement shall be governed by the laws of the People's Republic of China.

LI Yan (Signature)
Beijing Dacheng Law Offices, LLP (Shenzhen) (Seal)

2. Any dispute arising between Party A and Party B shall be resolved through amicable negotiation. If such dispute is not resolved upon thirty-day negotiation or if either party hereto rejects the negotiation, such dispute shall be submitted by either party hereto to Shenzhen Court of International Arbitration (also known as Shenzhen Arbitration Commission) for arbitration in Shenzhen in accordance with the court's arbitration rules in force at the time of the submission. The arbitral award shall be final and legally binding on both Party A and Party B.

**Article X Notice and Service**

1.  Any notice, document, or material that either party hereto gives or provides to the other party hereto for the purpose of performance of this Agreement may be directly delivered to Party A or the respective contact persons of the parties hereto specified herein, or be delivered or sent to the respective addresses, fax numbers, e-mail addresses or phone numbers of the parties hereto specified herein.

2.  All such notices, documents and materials shall be deemed to have been duly given: (1) if by facsimile, when sent by facsimile; (2) if by mail, on the day of mailing by registered mail or posting; or (3) if by e-mail, within 24 hours after sent by e-mail.

3.  In the case of any change in the name, address, contact person, phone number, fax number, or e-mail address of either party hereto, the party shall give the other party hereto a written notice of the change. Where the party making the change fails to give the other party hereto the written notice, or before receiving the written notice, the other party has sent any notice, document or material to the party making the change according to the original contact information, then such notice, document or material shall be deemed to have been duly given by the other party, in which case any inconvenience or loss caused thereby to the party making the change shall be solely borne by the party making the change.

**Article XI Effectiveness of Agreement, etc.**

1.  This Agreement is made in four copies, with two copies for each party hereto and each copy bearing the same legal effect.

2.  This Agreement will remain effective from the date when it is signed by Party A and is affixed with the common seal (or the seal for contract) of Party B and the signature of Party B's representative to the date when the proposed assignment hereunder is completed by Party B.

(The remainder of this page is intentionally left blank)

7

LI Yan (Signature)

Beijing Dacheng Law Offices, LLP (Shenzhen) (Seal)

**Party A: LI Yan**

(Signature)

LI Yan (Signature)

**Party B: Beijing Dacheng Law Offices, LLP (Shenzhen)**

(Seal)

Representative (Signature): WU Wenhui (Signature)

Beijing Dacheng Law Offices, LLP (Shenzhen) (Seal)

Date: January 5, 2021

Place: Futian District, Shenzhen

LI Yan (Signature)
Beijing Dacheng Law Offices, LLP (Shenzhen) (Seal)