**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BEIJING DACHENG LAW OFFICES, LLP (SHENZHEN), | Case No.: 2:25-cv-01504-GJL |
| *Petitioner*, | **Honorable United States Magistrate Judge Grady J. Leupold** |
| v. | |
| YAN LI, | |
| *Respondent*. | |

**Joint Status Report and Discovery Plan**

    Prepared pursuant to Fed. R. Civ. P. 26(f) and LCR 26(f), Petitioner Beijing Dacheng Law Offices LLP (Shenzhen) and Respondent Yan Li, through their undersigned counsel, submit this Joint Status Report and Discovery Plan pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement dated September 17, 2025, as well as the Court's Order

1

to Show Cause regarding Joint Status Report dated November 10, 2025, setting new deadline of November 14, 2025, for the Joint Status Report.

**1. Nature and Complexity of the Case**

Petitioner: This is a straightforward proceeding under the Federal Arbitration Act (FAA) and the New York Convention to confirm a foreign arbitration award issued in Shenzhen, China. The issues are legal in nature and limited to whether any narrow grounds for refusing enforcement under 9 U.S.C. §§ 201–208 apply. No counterclaims or affirmative defenses requiring discovery are anticipated. The parties agree that the case is low complexity and primarily dispositive on the existing record.

Respondent: This is a proceeding under the Federal Arbitration Act (FAA) and the New York Convention to confirm a foreign arbitration award issued in Shenzhen, China. The issues are both legal and factual in nature and relate to whether there are grounds to enforce a Chinese arbitration award under 9 U.S.C. §§ 201–208. Respondent has asserted defenses to enforcement, for which limited discovery is required.

**2. Deadline for Joining Additional Parties**

The parties do not anticipate the addition of any other parties.

Proposed deadline: 30 days after entry of the Court's scheduling order on this Joint Status Report.

**3. Fed. R. Civ. P. 26(f)(3) Topics**

**(A) Initial Disclosures**

Joint Status Report and Discovery Plan

Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2FL
New York, NY 10019, 6464166280

Petitioner: Petitioner contends this action is exempt from initial disclosures because petitions to confirm arbitration awards are resolved on a summary record without discovery. Petitioner requests that the Court dispense with initial disclosures.

Respondent: Respondent contends that the arbitration award is based on improper service and should not be enforced. Respondent seeks to conduct discovery to prove its assertions. Respondent requests that the Court mandate initial disclosures.

**(B) Subjects, Timing, and Potential Phasing of Discovery**

Petitioner: Petitioner contends that no discovery is required to resolve the Petition to Confirm the Arbitration Award. Petitioner proposes that discovery be stayed pending resolution of the petition.

Respondent: Respondent contends that limited discovery is required to resolve the Petition to Confirm the Arbitration Award. Respondent proposes that discovery be completed by June 1, 2026.

**(C) Electronically Stored Information (ESI)**

Petitioner: No discovery is anticipated. ESI protocols are unnecessary.

Respondent: ESI protocols are unnecessary.

**(D) Privilege Issues**

No privilege issues are presently expected.

**(E) Proposed Limitations on Discovery**

3

Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2FL
New York, NY 10019, 6464166280

Petitioner: Petitioner contends that discovery should be waived entirely, given the dispositive nature of this proceeding.

Respondent: Respondent contends that discovery should be limited to a maximum of four depositions per side.

**(F) The Need for any Discovery-Related Orders**

None requested

**4. LCR 26(f)(1) Topics**

**(A) Prompt Case Resolution**

Petitioner: Petitioner contends that the pending Petition to Confirm Arbitration Award is potentially case dispositive and will resolve the matter in its entirety.

Respondent: Respondent contends that this case should not be decided until completion of discovery.

**(B) Alternative Dispute Resolution (ADR)**

The parties are willing to participate in ADR discussions as directed by the Court.

**(C) Related Cases**

Petitioner: None Known.

Respondent: 1. The arbitration award case.

2. The case in China involving Respondent's house.

**(D) Discovery Management**

Petitioner: No discovery necessary; discovery management provisions not applicable.

Respondent: Discovery management provisions will likely not be needed.

**(E) Anticipated Discovery Sought**

Petitioner: None Expected.

Respondent: Respondent wishes to depose one or more individuals from the petitioner and Wu Wenhui. Due to the importance of these depositions, Respondent seeks to have at least one of these depositions be conducted in-person in Seattle, with the rest conducted remotely.

**(F) Phasing Motions**

The parties do not anticipate the need for phasing.

**(G) Preservation of Discoverable Information**

The parties will preserve any materials relevant to the petition, if any exist.

**(H) Privilege Issues**

No privilege issues currently anticipated.

**(I) Model Protocol for Discovery of ESI**

Not applicable due to no expected discovery.

**(J) Alternatives to Model Protocol**

 Not applicable.

**5. Date Discovery Can Be Completed**

Petitioner: Not applicable. The petition is dispositive.

Respondent: June 1, 2026.

**6. Bifurcation**

Joint Status Report and Discovery Plan

Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2FL
New York, NY 10019, 6464166280

Petitioner: Not applicable. The petition is dispositive.

Respondent: Not applicable.

**7. Pretrial Statements / Pretrial Order**

Petitioner: Petitioner requests that the Court dispense with pretrial statements and orders unless the petition is denied and the case proceeds to another phase.

Respondent: Respondent requests that the Court dispense with pretrial statements and orders in regular course.

**8. ADR / Individualized Trial Program**

The parties will participate in ADR as ordered by the Court. Neither party requests the Individualized Trial Program at this time.

**9. Suggestions for Shortening or Simplifying the Case**

Petitioner: Petitioner contends that a prompt resolution of the pending petition is the most effective way to simplify the case and requests that the Court resolve the petition on the briefing unless oral argument is deemed necessary.

Respondent: None.

**10. Date Case Will Be Ready for Trial**

Petitioner: This case is unlikely to require a trial. If necessary, the case can be ready within 60 days of the Court's ruling on the petition.

Respondent: This case can be ready for trial by September 1, 2026.

Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2FL
New York, NY 10019, 6464166280

**11. Jury or Non-Jury**

> Non-jury.

**12. Trial Days Required**

> Petitioner: If required, the parties estimate 1 day of trial time.

> Respondent: Respondent estimates two to three days of trial time.

**13. Trial Counsel**

> For Petitioner:

> Shan (Jessica) Chen, Esq., (PHV admission to the Court)
> Jean-Claude Mazzola, Esq., (Will seek PHV admission if needed)
> Mazzola Lindstrom LLP
> 1350 Avenue of the Americas, 2nd FL
> New York, NY 10019
> Email: Jessica@mazzolalindstrom.com;
>            Jeanclaude@mazzolalindstrom.com
> Phone: 646-416-6280;
>              646-250-6666

> For Respondent:

> Daniel P. Harris, WSBA #16778
> Elijah Hartman, WSBA # 49227
> Harris Sliwoski LLP
> 600 Stewart St, Suite 1200
> Seattle, WA 98101
> Phone: (206) 224-5657
> Fax: (206) 224-5659
> dan@harris-sliwoski.com
> elijah@harris-sliwoski.com

**14. Dates of Unavailability for Trial Counsel**

> Petitioner's counsel: **December 20, 2025, to December 31, 2025**

Joint Status Report and Discovery Plan

Mazzola Lindstrom LLP
1350 Avenue of the Americas, 2FL
New York, NY 10019, 6464166280

Respondent's counsel: **December 31, 2025, to January 28, 2026**

**15. Service Status**

Respondent has been served and has appeared.

**16. Request for Rule 16 Conference**

The parties do not request a Rule 16 conference at this time but will comply if the Court schedules one.

**17. Corporate Disclosure Statements**

Petitioner filed its Rule 7.1 corporate disclosure statement on: August 8, 2025 & August 20, 2025.

Respondent: Not applicable.

## CERTIFICATION

The undersigned certify that they met and conferred as required by Fed. R. Civ. P. 26(f) and LCR 26(f) and jointly prepared this Report.

Dated:  New York, New York
        November 14, 2025

Respectfully submitted,

MAZZOLA LINDSTROM, LLP

_____
Shan (Jessica) Chen (Pro Hac Vice
Admission)
*Counsel for plaintiffs*

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(d) 646-416-6280
(m) 347-652-9046
jessica@mazzolalindstrom.com

Dated:  Seattle, Washington
          November 14, 2025

Respectfully submitted,

/s/ Daniel P. Harris

_____
Daniel P. Harris, WSBA #16778
Harris Sliwoski LLP
600 Stewart St, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659
dan@harris-sliwoski.com
Attorney for Respondent

9

Joint Status Report and Discovery Plan